STEUBENVILLE (city) v REINER et

Ohio Appeals, 7th Dist, Jefferson Co

Decided Dec. 21, 1928

Amanda Z Strayer, City Solicitor, Steubenville, for City.

R B Cohen, Steubenville, for Reiner, et.

### STATEMENT OF FACTS

This cause was submitted upon a motion to dismiss the appeal, this cause having been heard in the Court of Common Pleas and an appeal attempted to this Court without the filing of a bond for appeal within the statutory time provided by law.

A bond was later filed, but it was beyond the period fixed by statute.

It is claimed in defense of the contention of the plaintiff that the appeal should be dismissed, that no bond is required where the appeal is sought to be perfected by a municipality, as was the fact in this case.

In 12226 GC we find a general provision of the Code requiring a bond in appeal cases. There are certain exceptions provided for in the Statute, namely **348 GC** and **12227 GC.**

Now it will be noticed that a municipality is not mentioned, nor can be included by any construction of language in either of these sections which provide for such exemptions from the duty to file an appeal bond.

It is a recognized principle of statutory construction that the mention of one class or several classes of persons in a statute implies the exclusion of all others. **Cincinnati vs. Roettinger, 105 O. S., 145, State ex rel., vs. Forney, 108 O. S., 463.**

Authorities outside of the state or elementary works, would be of little importance in this case, as the rights of these parties must be determined upon the provisions of the statute.

And having found sections of the Statute, which require, as a general proposition a bond to be given, essential to the perfecting of an appeal, and among the sections making certain exceptions, failing to find a municipality, the conclusion is necessarily reached that the general duty rests upon a municipality to give an appeal bond, and such being the fact, and a bond not having been given in compliance with the statute in this case, the motion to dismiss the appeal is sustained.

Farr and Pollock, JJ, concur in the judgment.