WOLF, APPELLEE, *v.* CITY OF COLUMBUS ET AL., APPELLANTS.

(No. 5175—Decided November 12, 1954.)

*Mr. W. B. McLeskey* and *Mr. C. W. McLeskey,* for appellee.

*Mr. Chalmers P. Wylie,* city attorney, and *Mr. J. Russell Leach,* for appellants.

MILLER, J. This cause is here on a motion submitted by the plaintiff, appellee herein, seeking an order dismissing the appeal on questions of law and fact for the reason that no appeal bond has been filed as required by Section 2505.06, Revised Code. It is urged by the defendants that the city of Columbus, one of the defendants, is a political subdivision, that the other two defendants are officers of a political subdivision, and that an appeal bond may not be required, citing Section 2505.12, Revised Code, which provides that an appeal bond shall not be required from:

"(B) The state and any political subdivision thereof authorized to sue and be sued;

"(C) Any public officer of the state or of any of its political subdivisions suing or sued solely in his representative capacity as such officer."

The plaintiff urges however that the city of Columbus is not a "political subdivision" and therefore does not come within the provisions of the cited section of the Code. We are referred to the case of *City of Steubenville* v. *Reiner,* 7 Ohio Law Abs., 324, which sustains his contention, but this case was decided on December 21, 1928, prior to the amendment of the section which added to the exemption the words "politi-

cal subdivision.'' The statute at the time of the *Reiner case* exempted from the giving of bond only ''the state of Ohio or an officer thereof.'' We find no definition of the term in our statutes relating to appeals, but as applied to the ''Uniform Bond Law'' a ''subdivision'' includes a ''municipal corporation'' (Section 133.01, Revised Code), and as applied to ''elections'' the term ''political subdivision'' includes ''cities.'' While these definitions have application only to laws in the chapters wherein they are found, they are helpful in determining what the legislative body understood the terms to ordinarily mean. We find many reported decisions which hold that municipal corporations are instrumentalities or agents of the state for a local administration and enforcement of sovereign power and for conducting the affairs of government.

In *City of Akron* v. *Butler,* 108 Ohio St., 122, 140 N. E., 324, it is said, at page 124:

''This court has always, as indeed have courts generally, recognized the theory that municipalities have dual powers, the one wherein they exercise the power delegated by the sovereign to preserve the peace and to protect persons and property, and the other where they exercise power, proprietary in its nature, and which relates to the development of the municipality as distinguished from the commonwealth.''

Again, in the case of *City of Wooster* v. *Arbenz,* 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518, the court says at page 284:

''In performing those duties which are imposed upon the state as obligations of sovereignty, such as protection from crime, or fires, or contagion, or preserving the peace and health of citizens and protecting their property, it is settled that the function is governmental, and if the municipality undertakes the

performance of those functions, whether voluntarily or by legislative imposition, the municipality becomes an arm of sovereignty and a governmental agency and is entitled to that immunity from liability which is enjoyed by the state itself.''

In 72 Corpus Juris Secundum, 223, we find the term ''political subdivision'' defined as follows:

''The term is broad and comprehensive and denotes any division of a state made by the proper authorities thereof, acting within their constitutional powers, for the purpose of carrying out those functions of the state which by long usage and inherent necessities of government have always been regarded as public; a division of a parent entity for some governmental purpose.

''* * *

''Municipalities are political subdivisions of the state, and the term 'political subdivision' is applied to cities, towns, and villages * * *.''

See, also, 62 Corpus Juris Secundum, 69, Section 3, wherein it is said:

''In its governmental aspect, a municipal corporation or municipality is an agent, instrumentality, or political subdivision of the state, an arm, branch, or part of the state government.''

We are of the opinion that the powers and functions exercised by municipal corporations may be separated into two classes: (1) public or governmental; and (2) private or proprietary. In their public capacity they function as agents or instrumentalities of the state government and therefore constitute political subdivisions.

The motion to dismiss is overruled.

*Motion overruled.*

WISEMAN, P. J., and HORNBECK, J., concur.