THE SHARON REALTY CO., APPELLEE, *v.* WESTLAKE, MAYOR, ET AL., APPELLANTS.*

(No. 6818—Decided September 12, 1961.)

---

*Motion to certify the record overruled, December 20, 1961. Appeal as of right dismissed, 172 Ohio St., 553.

*Mr. Kenneth B. Johnston*, for appellee.

*Mr. Russell Leach*, city attorney, and *Mr. John C. Young*, for appellants.

BRYANT, J.  The sole question before the court at this time arises upon the motion of plaintiff, appellee herein, which reads as follows:

"Now comes the plaintiff-appellee herein, by its counsel, and moves the court for an order dismissing the appeal herein as an appeal on questions of law and fact for the reason that no bond has been given by the appellants, as required by statute, 'o qualify for an appeal on questions of law and fact.  The time for giving such bond is long since passed."

In the petition filed in the court below, the plaintiff, an Ohio corporation, appellee herein, described itself as follows:

"The Sharon Realty Company, 50 West Broad Street, Columbus, Ohio, on behalf of the city of Columbus, a municipal corporation."

The caption of the petition named W. Ralston Westlake as "Mayor of the City of Columbus, Ohio, as Mayor and as a member of the Slum Clearance and Rehabilitation Commission, City Hall, Columbus, Ohio."  It also named Noverre Musson, Wendell Beggs, Leigh Koebel, Herbert S. Levy, Harrison M. Sayre, W. Ray Speer, and H. Richard Niehoff, as members of such commission, and John P. Willison, as Director of the Slum Clearance and Rehabilitation Commission, as defendants below.

The petition also named as defendants William M. Hicks, President of the City Council of Columbus, and the following as members thereof: Robert L. Van Heyde, Robert H. Smith, Golda Mae Edmonston, Russell M. Jones, Ronald E. DeVore and William P. Hoermle.

The prayer of the petition was that the court below issue "an injunction against said defendants, and each of them, restraining said defendants and each of them, from taking any further steps whatever in connection with said Market-Mohawk Area Slum Clearance and Redevelopment Plan, from acquiring or demolishing any improvements or buildings in said area or taking any action whatever in connection therewith, and from signing, executing or entering into said proposed contract with the state of Ohio for the sale of property therein for the purpose of a new state office building * * *."

At the time of the filing of the petition, the court below allowed a temporary injunction. Thereafter, the matter was submitted to the court which rendered a decision and a revised decision holding that the ordinance under which the defendants were proceeding was void and permanently enjoined the defendants from proceeding to enter into the contract proposed.

Thereafter, a notice of appeal was filed on behalf of Robert L. Van Heyde, William P. Hoermle, Russell M. Jones and Robert H. Smith, the appeal being on questions of law and fact. No notice of appeal was filed on behalf of Mayor Westlake, the remaining three members of city council or the director or members of the Slum Clearance and Rehabilitation Commission. The notice of appeal in this case reads as follows:

"The defendants-appellants, Robert L. Van Heyde, William P. Hoermle, Russell M. Jones, Robert H. Smith, hereby give notice of appeal to the Court of Appeals of Franklin County, Ohio, from the judgment of the Common Pleas Court, Franklin County, Ohio, filed herein on the 29th day of June, 1961, wherein said Court of Common Pleas of Franklin County, Ohio, rendered judgment for plaintiff-appellee and against defendants-appellants.

"Said appeal is on questions of law and fact."

An examination of the record discloses the fact that no appeal bond was filed by or on behalf of any of the four appellants in this case. The statutory provisions requiring a supersedeas bond in case of an appeal on questions of law and fact are contained in Section 2505.06 of the Revised Code, which reads as follows:

"Except as provided in Section 2505.12 of the Revised Code, no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in Sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."

Also pertinent here are the provisions of Section 2505.09 of the Revised Code, which section reads as follows:

"No Appeal shall operate as a stay of execution, except as provided in Sections 2505.11 and 2505.12 of the Revised Code, until a supersedeas bond is executed by the appellant to the

adverse party with sufficient surety and in such sum, not less than the amount of the judgment and interest, as is directed by the court making the order which is sought to be superseded or by the court to which the appeal is taken. Such bond shall be conditioned as provided in Section 2505.14 of the Revised Code.''

As indicated above, exceptions are made in the cases of three classes mentioned in Section 2505.12 of the Revised Code. The pertinent portion of Section 2505.12 reads as follows:

''The bond mentioned in Section 2505.09 of the Revised Code need not be given by:
'' * * *

'' (C) Any public officer of the state or of any of its political subdivisions suing or sued solely in his representative capacity as such officer.''

The contention of plaintiff is that although Section 2505.12 exempts from the bond requirement ''any public officer of the state or of any of its political subdivisions suing or sued solely in his representative capacity as such officer,'' this does not apply to the appeal now before us for the reason, according to plaintiff, that:

''This would not include city officials as a city is not a subdivision of the state but is a municipal corporation.

''Furthermore, there is no need or reason in this case for an appeal as to fact because the facts were all agreed to and stipulated in the court below and the appeal is being heard in this court upon the same stipulation as to the facts.''

Counsel for the four defendants, appellants herein, disagree and rely on the case of *Wolf* v. *City of Columbus*, 98 Ohio App., 333, in which the syllabus reads as follows:

''In their public capacity, municipal corporations function as agents or instrumentalities of the state government and therefore constitute a political subdivision; and as such come within the provision of Section 2505.12, Revised Code, which exempts 'any political subdivision' of the state from the giving of an appeal bond.''

Is a municipal corporation a political subdivision of the state within the meaning of Section 2505.12, Revised Code?

There are instances where it is so referred to in statutory definitions. In the Tax Levy Law (Chapter 5705 of the Revised Code), ''subdivision'' is defined as including municipal cor-

porations, Section 5705.01 reading in part as follows:

"(A) 'Subdivision' means any county, municipal corporation, township, township fire district, township waste disposal district, or school district, except the county school district.

"(B) 'Municipal corporation' means all municipal corporations, including those which have adopted a charter under Article XVIII, Ohio Constitution."

In the Uniform Bond Law (Chapter 133 of the Revised Code), "subdivision" is defined as including municipal corporations, Section 133.01 reading in part as follows:

"(A) 'Subdivision' means any county, school district except the county school district, municipal corporation, joint township hospital district, or township.

"(B) 'Municipal corporation' means any municipal corporation, including those which have adopted a charter under Article XVIII, Ohio Constitution."

See, also, Section 109.19 of the Revised Code where there is a provision exempting "the state or an officer thereof" from furnishing an undertaking or security.

We recognize that the question is not free from some possible doubt or uncertainty. See *Schaffer* v. *Board of Trustees*, 171 Ohio St., 228, where Matthias, J., in discussing the difference between a county and a municipal corporation at pages 229 and 230 wrote as follows:

"Plaintiff urges that a county stands in the same position and is liable to the same extent as a municipal corporation. In this regard, plaintiff fails to recognize that a county is a subdivision of the state, organized for judicial and political purposes. It is not a legal person or a separate political entity. A municipal corporation, on the other hand, is a corporation invested with certain powers of a private or proprietary nature. These distinctions were well expressed by Judge Brinkerhoff in *Board of Commrs. of Hamilton County* v. *Mighels, supra* [7 Ohio St.], 118, 119, which expressions were quoted as follows and approved by Turner, J., in *State, ex rel. Ranz,* v. *City of Youngstown,* 140 Ohio St., 477, 483, 45 N. E. (2d), 767:

" ' ' ' '* * * municipal corporations proper are called into existence, either at the direct solicitation or by the free consent of the people who compose them.

" ' "Counties are local subdivisions of a state, created by the sovereign power of the state, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them. The former organization is asked for, or at least assented to by the people it embraces; the latter is superimposed by a sovereign and paramount authority.

" ' "A municipal corporation proper is created mainly for the interest, advantage, and convenience of the locality and its people; a county organization is created almost exclusively with a view to the policy of the state at large, for purposes of political organization and civil administration, in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, and are, in fact, but a branch of the general administration of that policy." ' "

Plaintiff says that the city of Columbus is not a party, but it seems clear that the mayor was sued as mayor, the president of the city council and the members thereof were sued as such and that in the present state of the record the city is powerless to act.

See, also, the opinion of Williams, J., in *City of Cincinnati* v. *Gamble*, 138 Ohio St., 220, at p. 226, wherein he refers to "the municipal subdivision," and also the first paragraph of the syllabus in *Hickey, a Taxpayer*, v. *Burke, Mayor*, 78 Ohio App., 351.

For the reasons above set forth and for the further reason that cities usually are solvent and responsible for their obligations, hence the need for such surety is not present, we feel that the motion is not well taken and must be overruled.

*Motion overruled.*

DUFFY, J., concurs.
DUFFEY, P. J., not participating.