FAIR, APPELLANT, *v.* SCHOOL EMPLOYEES RETIREMENT
SYSTEM OF OHIO, APPELLEE.

[Cite as Fair v. School Employees Retirement System
(1975), 44 Ohio App. 2d 115.]

(No. 74AP-605—Decided May 1, 1975.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown &
Newman, Mr. Peter J. Gee* and *Mr. Robert J. Walter,* for
appellant.

*Mr. William J. Brown,* Attorney General, *Mr. Thomas
A. Anderson* and *Mr. David J. Sherriff,* for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas dismissing plaintiff David Fair's appeal from an order of the School Employees Retirement Board which denied him disability retirement benefits. Plaintiff raises two assignments of error in support of his appeal, as follows:

"1. The Court erred in dismissing the appeal from an order of the School Employees Retirement Board denying disability retirement to a member for lack of jurisdiction of the subject matter.

"2. The Court erred in refusing to consolidate the appeal from the order of the School Employees Retirement Board denying appellant disability retirement with a second action challenging the same order and seeking a writ of mandamus, or mandatory injunction."

With respect to the first assignment of error, plaintiff contends that he has a right to appeal from the order of the School Employees Retirement Board, either under R. C. 119.12 or R. C. 2506.01. The School Employees Retirement System is established by R. C. 3309.03, and the School Employee's Retirement Board is created by R. C. 3309.04. Disability retirement is provided for by R. C. 3309.40 and 3309.41. R. C. 3309.39 provides that, with respect to disability retirement, "the action of the board shall be final." Similarly, R. C. 3309.40 provides, in part: "The school employees retirement board is the final authority in determining the eligibility of a member for such form of retirement." There is no provision in these sections, or elsewhere in R. C. Chapter 3309 for an appeal from a determination of the School Employees Retirement Board.

Plaintiff points out that R. C. 119.12 confers a right of appeal upon "any party adversely affected by any order of an agency issued pursuant to any other adjudication." He further quotes R. C. 119.01 as defining the word "agency" to include "any official, board, or commission having authority to promulgate rules or make adjudications." However, a more complete quotation of the definition reveals limitations upon the application thereof. R. C. 119.01(A) reads, in pertinent part, as follows:

" 'Agency' means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications *in the* bureau of unemployment compensation, the civil service commission, the department of industrial relations, the department of liquor control, the department of taxation, the industrial commission, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13, inclusive, of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or cancelling licenses. * * *" (Emphasis added.)

Thus, the general appeal provision relied upon by plaintiff applies only to the specified agencies. As set forth in the first paragraph of the syllabus of *In re Martins Ferry Met. Housing Auth.* (1965), 2 Ohio App. 2d 237:

"There are three ways in which a state board may be subjected to the Administrative Procedure Act under Section 119.01 (A), Revised Code, namely: (1) certain boards are specifically named, (2) the legislation concerning a board specifically subjects such board to this Act, and (3) a board which has authority to issue, suspend, remove or cancel licenses."

Since the School Employees Retirement Board is not one of the specified agencies enumerated in R. C. 119.01(A), and, since there is no statutory provision making R. C. Chapter 119 applicable to orders or adjudications by that board, there is no remedy by way of administrative appeal, pursuant to R. C. 119.12, from an order or adjudication of the School Employees Retirement Board.

R. C. 2506.01 provides, in part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located * * *."

118

Plaintiff contends that, since there is no statutory definition of "political subdivision," as used in R. C. 2506.01, the School Employees Retirement Board should be found to be a political subdivision under that section. Although, at first glance, it would appear that the term "political subdivision" is one of such general meaning and understanding that no definition is required, there is little authority as to what the term actually means and encompasses. The General Assembly has variously defined the term "political subdivision" for different purposes, including definitions set forth in R. C. 133.01(A), 323.01(A), 3501.01(N), 5705.01(A), 5713.081, 5915.01(F), and 6101.- 01(C). In *Wolf* v. *Columbus* (1954), 98 Ohio App. 333, this court referred to several of these definitions and then stated, at page 335:

"While these definitions have application only to laws in the chapters wherein they are found, they are helpful in determining what the legislative body understood the terms to ordinarily mean. * * *"

Such definitions were particularly helpful in *Wolf*, which held a city to be a political subdivision of the state, because the statutory definitions have invariably included cities in the definition of "political subdivision." Conversely, the General Assembly has never included the School Employees Retirement Board, or any other retirement board, within the statutory definition of "political subdivision."

In *Wolf*, this court quoted, in part, the definition of "political subdivision" set forth in 72 Corpus Juris Secundum 223, which more fully states:

"The term is broad and comprehensive and denotes any division of a state made by the proper authorities thereof, acting within their constitutional powers, for the purpose of carrying out those functions of the state which by long usage and inherent necessities of government have always been regarded as public; a division of a parent entity for some governmental purpose. The term may be used in more than one sense, and it may designate a true governmental subdivision such as a county, township, etc.,

or it may have a broader meaning, denoting any subdivision of the state created for a public purpose although authorized to exercise a portion of the sovereign power of the state only to a limited degree.

"Broadly speaking, a political subdivision of a state is a subdivision thereof to which has been delegated certain functions of local government. * * *"

In 2 Bouvier's Law Dictionary (3rd rev.), the word "political" is defined simply as: "Pertaining to policy, or the administration of the government. * * *" The word has broad and varying meaning depending upon the context in which it is used. In the context with which we are concerned, the word "political" is essentially synonymous with "governmental." The word "subdivision" means simply a part of a larger whole into which the whole has been divided. Accordingly, a subdivision of the state is a part of the state rather than the entire state. A political subdivision then is a governmental part of the state.

A political subdivision of the state is a geographic or territorial division of the state rather than a functional division of the state. Almost invariably the statutory definitions of "political subdivision" involve a geographic area of the state which has been empowered to perform certain functions of local government within such geographic area. Accordingly, a "political subdivision of the state" is a geographic or territorial portion of the state to which there has been delegated certain local governmental functions to perform within such geographic area.

The School Employees Retirement Board, on the other hand, is an instrumentality of the state exercising its powers and duties throughout the state, not solely within a geographical subdivision of the state. We, therefore, conclude that the School Employees Retirement Board is not a political subdivision of the state within the meaning of R. C. 2506.01. Accordingly, the first assignment of error is not well taken.

Plaintiff apparently followed the procedure suggested by Justice Schneider, in his concurring opinion in *Tuber*

v. *Perkins* (1966), 6 Ohio St. 2d 155, and, in addition to this appeal, filed an original action in the Franklin County Court of Common Pleas seeking, alternatively, a declaratory judgment, writ of mandamus, or mandatory injunction. By the second assignment of error, plaintiff contends that the trial court abused its discretion in refusing to consolidate this appeal with such other action in accordance with the procedural suggestion of former Justice Schneider, concurred in by the late Chief Justice Taft. However, even such concurring opinion does not suggest that consolidation is mandatory.

Civ. R. 42(A) provides for consolidation of actions. Although consolidation may have been permissible in this instance, whether to order consolidation is a matter lying within the sound discretion of the trial court. Similarly, pursuant to Civ. R. 42(B), the trial court, in the exercise of its discretion, may order separate trials of separate claims or issues. Pursuant to Civ. R. 54(B), the trial court may enter a separate final judgment as to one claim for relief or as to one or more parties to an action where there is no just reason for delay in doing so. Again, the matter is one lying within the sound discretion of the trial court. In the instant case, we find no abuse of discretion on the part of the trial court in refusing to consolidate this appeal with the original action pending in the trial court. In view of our conclusions herein with respect to the first assignment of error, plaintiff is free to litigate the issues involved in such original action. On the other hand, if the remedy of appeal had been available to plaintiff, he would have had an adequate remedy precluding the remedies of injunction or mandamus. The second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.