ANKROM et al.

v.

HAGEMAN et al.

2001-Ohio-4369.]

Court of Common Pleas of Ohio,
Franklin County.

No. 01CVH02–1563.

Decided Sept. 7, 2001.

David H. Bodiker, State Public Defender, Siobhan R. O'Keeffe, John Fenlon and Charles B. Clovis, Assistant State Public Defenders, for plaintiffs.

Betty D. Montgomery, Attorney General, J. Eric Holloway and John H. Jones, Assistant Attorneys General, for defendants.

DAVID E. CAIN, Judge.

{¶ 1} This matter came before the court on motion of defendant the Ohio Adult Parole Authority ("OAPA") for judgment on the pleadings, filed June 1, 2001. Plaintiffs filed a memorandum contra on June 22, 2001, to which defendant filed a reply on June 28, 2001. This court entertained oral arguments from the parties on July 23, 2001.

{¶ 2} The plaintiffs seek a declaratory judgment against the OAPA for allegedly violating their contract rights that arose out of plea negotiation and the

plaintiffs' subsequent entering of a plea in their underlying criminal cases. This case has been certified as a class action on behalf of all parole-eligible inmates in the custody of the Ohio Department of Rehabilitation and Correction who entered pleas of guilty or no contest to less serious or fewer offenses than indicted. These plaintiffs were sentenced to indefinite terms under the "old law," based on the offenses to which they had entered pleas, but have been placed by the OAPA into categories for the more serious indicted offenses for purposes of parole consideration.

{¶ 3}  The defendant moves the court for judgment on the pleadings, arguing that the plaintiffs cannot possibly prevail in their legal arguments because the plea-negotiation contracts lack express terms, because county prosecutors cannot bind the OAPA in the exercise of its discretion, because the OAPA properly considered each plaintiff's parole petition using all available and reliable information (which includes the indictment), and because public policy prohibits limits to the Parole Board's discretion.

{¶ 4}  Under Civ.R. 12(C), any party may move for judgment on the pleadings after the pleadings are closed. Civ.R. 12(C) motions are specifically intended for resolving questions of law, and determination of a motion for judgment on the pleadings is restricted solely to allegations in the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 63 O.O.2d 262, 297 N.E.2d 113. The party against whom a motion for judgment on the pleadings is made is entitled to have all the material allegations in its complaint along with all reasonable inferences to be drawn therefrom, construed in its favor as true. Id. Judgment on the pleadings is appropriate only when, viewing the allegations and reasonable inferences therefrom in the light most favorable to the nonmoving party, no material factual issues exist and the movant is entitled to judgment as a matter of law. *State ex. rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.

{¶ 5}  First, factual issues surround defendant's argument that the negotiated plea contracts contained no express terms and that there can be no agreements based on unilateral expectations. The court can almost take judicial notice that, throughout the late 1980s and the early 1990s, criminal defendants were routinely told by prosecutors and defense attorneys alike that they would serve the front end of an indefinite sentence—less good time credit if earned— and that the tails of indefinite sentences were being ignored. Indeed, many defendants may have moved to withdraw their pleas as being involuntarily entered if they could have known in a timely manner that such representations would turn out to be absolutely false. Some may still have the opportunity to withdraw their pleas based on a continuing manifest injustice.

{¶ 6} Defendants also argue that plea contracts between prosecutors and criminal defendants cannot bind the OAPA. To say that prosecutors cannot bind the Parole Board is to say that sentencing entries, as well, cannot bind the OAPA, since the entries are a direct result of the prosecutors' negotiation. Prosecutors represent the state and bind the entire justice system from the time they decide what to request from the grand juries. Obviously, a prosecutor cannot totally bind the state agency in matters of its discretion, but no discretion is absolute. Discretion must be exercised in a reasonable and lawful manner, or the idea of a democratic government operating under the "rule of law" is a sham. If the OAPA ignores the sentencing entries and places defendants in categories—drawn up solely by the same board through unreviewed discretion—that are based not on the convictions but on more serious alleged offenses, it cannot be defended merely by asserting that the board is beyond everyone's control.

{¶ 7} A prisoner becomes eligible for parole at a certain time, as defined by statute. See R.C. 2967.02; R.C. 2967.13. The OAPA argues that the relevant statutes simply require it to give inmates a hearing when they become eligible for parole and that the statutes do not guarantee that parole will actually be granted because that decision must be left to the Parole Board's discretion when the inmates are serving indefinite sentences. No one argues that the statutes or pleas require the OAPA to release each inmate at the expiration of the minimum sentence. But if an inmate who has been convicted—pursuant to a jury verdict or plea—of an offense has been reclassified by the board and placed in a category for a higher offense, e.g., a prisoner convicted of manslaughter is classified for aggravated murder, that inmate has absolutely no chance of being considered for parole at the earlier opportunity available for the lower offense.

{¶ 8} Indeed, the OAPA is exercising no discretion at all. The opinions of the victims (or their representatives), the investigating officers, the prosecutor (who quite likely made the plea offer only after concluding that the chances of getting a conviction for the indicted offense is slim or uncertain at best), the defense attorney, and the judge who accepted the plea are not considered at all. The inmate is automatically given a "flop" or "super flop."

{¶ 9} The prosecutor may know he is unlikely to get a verdict for a purposeful killing, so he offers to allow the defendant to plead to manslaughter. The defendant gives up his opportunity to be acquitted of all offenses and takes the "deal" (which actually may be no "bargain" at all). Then, the OAPA simply classifies the inmate for "aggravated murder" on little or nothing of evidentiary quality. Can this process be justified by the argument that a prosecutor cannot bind the Parole Board? Why didn't the defendant just go to trial? A conviction on the indicted offense could not have been any worse.

{¶ 10} What prosecutor would anticipate that the legislature would create a dual system of punishment by refusing to make S.B. 2 retroactive (as urged by the very commission that drafted it) and then abdicate (or unconstitutionally delegate) complete authority (without guidelines) to the OAPA as an independent fourth branch of government, operating totally outside democratic and judicial processes as defined throughout the last 50 years of administrative law as applied to administrative agencies both at the state and national level? Nevertheless, because of the legislature's refusal to make S.B. 2 retroactive, many defendants sentenced under the old law are currently serving more than twice as many years as defendants sentenced under the new law for the same offenses.

{¶ 11} Defendants assert that the Tenth District Court of Appeals (Franklin County) has at least twice rejected the claims of the plaintiffs herein. See *Lower v. Ghee* (Aug. 2, 2001), Franklin App. No. 00AP–1349; *Brown v. Ohio Adult Parole Auth.* (May 17, 2001), Franklin App. No. 00AP–1401. However, as pointed out by plaintiffs' counsel, the decisions to which defendants refer are memorandum decisions and, as such, are not intended to have precedential value. See *State ex rel. Hoover Co. v. Indus. Comm.* (Oct. 29, 1998), Franklin App. No. 97APD10–1365, 1998 WL 767308; *State ex rel. Parker v. Indus. Comm.* (May 16, 1996), Franklin App. No. 95APD07–889, 1996 WL 257458. In *Brown,* the appellate court merely adopted a magistrate's decision and in *Lower,* the court did not fully develop the issues herein. This court thus finds no binding authority from the Tenth District Court of Appeals.

{¶ 12} Because this court finds no binding authority from the Tenth District, this court has looked to decisions from other Ohio courts of appeals. It finds *Randolph v. Ohio Adult Parole Auth.* (Jan. 21, 2000), Miami App. No. 99CA17, 2000 WL 43712, motion to certify overruled (2000), 88 Ohio St.3d 1512, 728 N.E.2d 401, to be well reasoned and supported. In *Randolph,* the Miami County Court of Appeals held:

{¶ 13} "A plea agreement 'is contractual in nature and subject to contract-law standards.' *State v. Butts* (1996), 112 Ohio App.3d 683, 685–686, 679 N.E.2d 1170, 1172, quoting *Baker v. United States* (C.A.6 1986), 781 F.2d 85, 90, certiorari denied (1986), 479 U.S. 1017, 107 S.Ct. 667 [93 L.Ed.2d 719]. A county prosecutor is an agent of the state. See *State v. Barnett* (1998), 124 Ohio App.3d 746, 755, 707 N.E.2d 564, 570, discretionary appeal not allowed (1998), 81 Ohio St.3d 1497, 691 N.E.2d 1058; R.C. 309.08. Thus, the Miami County prosecutor entered the plea agreement with Randolph on behalf of the State of Ohio. See id."

{¶ 14} Defendants herein argue that the *Randolph* holding was subsequently limited by *State v. Callahan* (Oct. 6, 2000), Montgomery App. No. 18237, 2000 WL 1475581. The OAPA raised the same argument before the Montgomery County Court of Appeals in *Lee v. Ohio Adult Parole Auth.* (Aug. 31, 2001), Montgomery

App. No. 18833, 2001 WL 991744, to which that court responded that the OAPA's contention "is simply not true."

{¶ 15}   In August 2001, the Second District Court of Appeals revisited the subject matter of *Randolph* in *Lee v. Ohio Adult Parole Auth.* (Aug. 31, 2001), Montgomery App. No. 18833.   Therein, Lee claimed that the OAPA violated his plea agreement by classifying his parole eligibility based on his offense of indictment (aggravated murder) rather than the offense of conviction (involuntary manslaughter).   The trial court ordered the OAPA to place Lee in Category 8 instead of Category 13 (under the new guidelines for classifying offenders that it adopted in 1998), and the OAPA appealed.   The appellate court affirmed the trial court, stating, "[T]he words 'eligible for parole' [as used in R.C. 2967.13] ought to mean something."   That court went to state that "meaningful consideration is absent when a defendant is placed in a category for which parole is not even available until after the expiration of his maximum term."

{¶ 16}   The Second District Court of Appeals further found the OAPA's argument that county prosecutors have no authority to enter into contracts on behalf of the OAPA to be "disingenuous," citing R.C. 309.08(A), which states that "[t]he prosecuting attorney shall prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party."   The court found that "the real issue is whether a state agency may disregard agreements entered into on behalf of the State, and may disregard statutory language.   If that is to be the case, then criminal defendants should be told when they enter pleas that their plea agreement is of no effect, since they will be treated as if they had committed each and every crime for which they were indicted."

{¶ 17}   Upon review of the pleadings and the arguments presented by the parties, both in the briefs and orally to this court, as well as of relevant case authority, this court concludes that defendants' motion for judgment on the pleadings is not well taken.   When viewing the allegations and reasonable inferences therefrom in the light most favorable to the plaintiff class, this court is unable to conclude that no material factual issues exist and the defendants are entitled to judgment as a matter of law.   Therefore, defendants' motion for judgment on the pleadings is hereby DENIED.

Motion denied.