OPINION
{¶ 1} Defendant-Appellant William Ridenour appeals from a trial court decision denying his motion to withdraw his guilty plea, entered more than thirty years ago, without first conducting a hearing on his motion. "On April 10, 1972, Ridenour appeared before a panel of three judges and entered a plea of guilty to two counts of second degree murder (reduced from the indictment of two counts of first degree murder), one count of attempted murder, and two counts of felonious assault. He was duly sentenced, and no appeal was taken by him." State v. Ridenour (Jan. 23, 1998), Montgomery App. No. 16525.
 {¶ 2} Twenty-four years later, in August 1996, Ridenour filed a petition for post-conviction relief alleging that his guilty plea was not knowingly, voluntarily, and intelligently made. The State filed a motion for summary judgment, which the trial court granted. This Court affirmed the trial court's decision. Id.
 {¶ 3} In July 2003 Ridenour filed a motion to withdraw his guilty plea. The trial court denied that motion without a hearing. Ridenour now appeals.
 {¶ 4} Ridenour's sole assignment of error:
 {¶ 5} "The trial court abused its discretion in overruling the Appellant's Motion to Withdraw his Plea absent a full hearing on said motion."
 {¶ 6} A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim. R. 32.1; State v. Harris, Montgomery App. No. 19013, 2002-Ohio-2278, at § 7, citing State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. Consideration of "[t]he motion is `addressed to the sound discretion' of the trial court." Harris, at § 7, citing Smith, at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. Harris, at § 7, citing State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144. An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." Id. For the following reasons we find that the trial court did not abuse its discretion in denying Ridenour's motion without a hearing.
 {¶ 7} Ridenour argued below that a manifest injustice occurred for several reasons, two of which he continues to assert on appeal. First, he argues that the Ohio Adult Parole Authority (APA) improperly categorized him for offenses which he had not committed. Second, Ridenour argued that he entered his plea based on his belief that he would serve no more than ten years in prison because the State had promised to recommend parole at the earliest opportunity, but that the agreement was breached.
 {¶ 8} To date the APA has conducted fourteen release consideration hearings for Ridenour. Most recently, the APA held a hearing pursuant toLayne v. Ohio Adult Parole Authority, 97 Ohio St.3d 456, 2002-Ohio-6719, wherein the APA reclassified Ridenour's offenses for purposes of its release hearings from the offenses for which he was originally indicted to the offenses to which he actually pled. Moreover, the Central Office Board (COB) reviewed Ridenour's Layne hearing to ensure that the APA had correctly reclassified the offenses. The COB found that the APA had correctly reclassified Ridenour and scheduled his next hearing for forty-six months from that date. Because the APA has correctly reclassified Ridenour, this argument is moot. See, e.g., Ankrom v.Hageman (March 31, 2005), Franklin App. Nos. 04AP-984, 04AP-985, 04AP-986, 04AP-987, 04AP-988, 04AP-989, 04AP-990, 04AP-991, 04AP-993, 04AP-994.
 {¶ 9} As for Ridenour's claim that he only agreed to plead guilty based upon the State's promise that he would be paroled in ten years, we first point out that Ridenour concedes that there is no support for this claim in the record. Instead, the only support that Ridenour offers is his own self-serving affidavit made more than thirty years after he entered his plea. The extreme delay in filing the motion "`is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" State v. Shorter (Oct. 2, 1998), Montgomery App. No. 16983, citing State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. Moreover, it is well-established that where the record belies a defendant's claim, he is not entitled to a hearing on his motion absent some evidence besides his own self-serving affidavit. State v.Kapper (1983), 5 Ohio St.3d 36, 448 N.E.2d 823. Accordingly, the trial court had no obligation to conduct a hearing on Ridenour's motion based only on his affidavit. See, e.g., State v. Davis (Jan. 5, 2001), Montgomery App. No. 18172, citing State v. Anderson (Nov. 20, 1998), Montgomery App. No. 17040.
 {¶ 10} For the foregoing reasons, Ridenour failed to demonstrate a manifest injustice. Therefore, the trial court did not abuse its discretion in denying his post-sentence motion to withdraw his guilty plea. Accordingly, his sole assignment of error is overruled. Having overruled Ridenour's assignment of error, the judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.