DECISION
{¶ 1} Relator, Elbert Duley, filed this original action requesting this court to issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction ("ODRC") and Ohio Adult Parole Authority ("OAPA"), to apply good-time credit to reduce his maximum sentence. *Page 2 
 {¶ 2} The court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondents' motion to dismiss and dismiss relator's complaint. (Attached as Appendix A.)
 {¶ 3} Relator objects to the magistrate's decision and cites in support a judgment entry from Coleman v. Mitchell (May 10, 2000), Richland C.P. No. 00-116H. In the end, he argues that good-time credit should reduce his maximum sentence. We disagree.
 {¶ 4} As an initial matter, we note that R.C. 2967.19, which prescribes requirements for application of good-time credit to an inmate's sentence, was repealed effective July 1, 1996. See State exrel. Vaughn v. Money, 104 Ohio St.3d 322, 2004-Ohio-6561. However, the terms of former R.C. 2967.19 apply to persons sentenced prior to July 1, 1996, and to persons sentenced for offenses committed prior to July 1, 1996. R.C. 2967.021.
 {¶ 5} As to the merits of relator's argument, the Ohio Supreme Court addressed this very issue in Vaughn. In that case, appellant inmates sought to compel the OAPA to set earlier parole hearing dates reflecting their good-time credit. Because the appellants had been sentenced prior to July 1, 1996, the court applied former R.C. 2967.19, which the court found provided for good-time credit solely for the purpose of accelerating the date an offender was first eligible for parole. "Nothing in former R.C. 2967.19, however, warrants continued application of good-time credits to an inmate who has already been afforded a parole hearing." Vaughn at ¶ 10, citing Gavrilla v. Leonard, Ross App. No. 01CA2638, 2002-Ohio-6144, at ¶ 12 ("[t]he reasoning for [former R.C. *Page 3 2967.19] reducing the minimum, rather than the maximum, sentence is * * * clear: the intent was to enable earlier parole eligibility, not to allow prisoners to unilaterally shorten their court-imposed sentence" [emphasis sic]). Any contrary construction, the court found, "might result in inmates receiving more than the 30 percent reduction in their minimum or definite sentences, which is expressly prohibited by former R.C. 2967.19(F)." Vaughn at ¶ 10.
 {¶ 6} Here, we apply the terms of former R.C. 2967.19 because the offenses for which relator was convicted were committed prior to July 1, 1996. See R.C. 2967.021. As the magistrate concluded, and pursuant toVaughn, former R.C. 2967.19 provides only for the application of good-time credit to reduce a minimum sentence, not a maximum sentence. Relator has received one or more parole hearings, and he has no legal right to further relief. Therefore, we reject relator's request that we apply contrary law, and we overrule his objection.
 {¶ 7} Having overruled relator's objection, and based on an independent review of the evidence, we adopt as our own the magistrate's decision, including the findings of fact and conclusions of law contained in it, except that we modify the magistrate's conclusions of law to incorporate the above discussion. Accordingly, respondents' motion to dismiss is granted and this action is dismissed.
Objection overruled, motion to dismiss granted, action dismissed.
PETREE and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered on January 25, 2007. IN MANDAMUS ON MOTION TO DISMISS. {¶ 8} Relator, Elbert Duley, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction ("ODRC") and Ohio Adult Parole Authority ("OAPA") to apply good-time credit to reduce his maximum sentence. *Page 5 
Findings of Fact: {¶ 9} 1. Relator is an inmate currently incarcerated at Belmont Correctional Institution located in St. Clairsville, Belmont County, Ohio.
 {¶ 10} 2. On October 5, 1996, relator entered guilty pleas to two counts of gross sexual imposition, one count of attempted rape, and one count of attempted felonious sexual penetration. The events took place on or about May 13, 1996.
 {¶ 11} 3. Although relator has not attached a copy of the sentencing entry, he maintains in his complaint that the trial court sentenced him to a term of three to 15 years of imprisonment.
 {¶ 12} 4. Relator asserts that he first became eligible for parole on September 22, 1998, and that he has also received the hearings required by Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, and Ankrom v. Ohio Adult Parole Auth., Franklin App. No. 04AP-984,2005-Ohio-1546.
 {¶ 13} 5. Relator's next hearing is scheduled for September 1, 2008.
 {¶ 14} 6. On October 16, 2006, relator wrote a letter to ODRC requesting that ODRC apply good-time credit to reduce his maximum sentence. Relator attached a copy of a judgment entry from the following case in support of his request: Coleman v. Mitchell (2000), Richland C.P. No. 00-116H.
 {¶ 15} 7. ODRC responded by letter dated November 15, 2006, and informed relator that pursuant to R.C. 2967.19, good-time credit is not subtracted from a prisoner's maximum term, but only from the minimum term of years.
 {¶ 16} 8. On December 5, 2006, relator filed the instant mandamus action requesting that this court order respondents to apply the Richland County Court of *Page 6 
Common Pleas court's reasoning from the Coleman case and order respondents to apply good-time credit to reduce his maximum sentence.
 {¶ 17} 9. Respondents have filed a motion to dismiss.
 {¶ 18} 10. Relator has not filed a memorandum contra.
 {¶ 19} 11. The matter is currently before the magistrate on respondents' motion to dismiss.
Conclusions of Law: {¶ 20} For the reasons that follow, it is this magistrate's conclusion that this court should grant the motion of respondents and dismiss relator's mandamus action.
 {¶ 21} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 22} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. *Page 7 
 {¶ 23} R.C. 2967.19 provides, in pertinent part, that prisoners sentenced to and confined in state correctional institutions are entitled to a deduction from their minimum or definite sentence of 30 percent of their sentence. On its face, R.C. 2967.19 clearly provides that good time is solely a deduction from a prisoner's minimum or definite sentence. This court has consistently recognized this interpretation. See, for example, State ex rel. Perry v. Ohio AdultParole Auth., Franklin App. No. 03AP-1277, 2004-Ohio-4039.
 {¶ 24} In fact, in his complaint, relator concedes that this court is not obliged to follow the Coleman decision. However, relator indicates that he hopes that this court will apply the same reasoning to his situation
 {¶ 25} As above indicated, relator cannot show a clear legal right to a writ of mandamus. In fact, relator concedes that he does not have a clear legal right to a writ of mandamus. On its face, R.C. 2967.19
clearly provides that good-time credit only applies to reduce the minimum or definite sentence. According to the documentation that relator has attached to this mandamus action, respondents have followed the law, have provided him his parole hearing at the earliest opportunity and relator has not demonstrated that he is entitled to anything further. As such, there is no relief to which relator is entitled and this court should grant respondents' motion to dismiss and dismiss relator's complaint. *Page 1