DECISION
{¶ 1} Relator, James Weaver, commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to reconsider him for parole because, although respondent did recently provide relator with a new parole hearing as required by Ankrom v. Ohio Adult Parole Auth., Franklin App. No. 04AP-984, 2005-Ohio-1546, relator maintains that respondent has failed to give him the meaningful consideration required. *Page 2 
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. Thereafter, respondent filed a Civ.R. 12(B)(6) motion, arguing that relator has failed to state a claim upon which relief can be granted. On January 29, 2007, the magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that relief in mandamus is inappropriate here because relator has a plain and adequate remedy in the ordinary course of law. The magistrate also determined that relator cannot demonstrate a clear legal right to have good-time credit applied to reduce his maximum sentence. Accordingly, the magistrate recommended that this court grant respondent's motion to dismiss this action. Relator filed objections to the magistrate's decision, and, therefore, this matter is now before this court for a full, independent review.
 {¶ 3} Relator objects to the magistrate's third finding of fact, which states, in part, that relator violated his parole by having contact with his victim and the daughter of his girlfriend. Relator argues that this fact has not been specifically found by the trial court and that his violation of probation was predicated on his contact with his own daughter, who was the victim of his crimes. However, the copy of the Ohio Parole Board decision submitted by relator in this action indicates that he violated his probation by having contact with the victim and the daughter of his girlfriend. Furthermore, although it is a relevant part of the factual background, precisely how relator violated his probation is not germane to the ultimate resolution of this mandamus action.
 {¶ 4} Regarding the magistrate's conclusions of law, relator objects to the magistrate's determination that relator has a plain and adequate remedy in the ordinary *Page 3 
course of law, thereby precluding this court's issuance of a writ of mandamus. Relator argues that the magistrate misunderstands what he is seeking in this mandamus action. He asserts that he is not seeking enforcement of the common pleas court's order to conduct re-hearings under Ankrom. He explains that he seeks the meaningful consideration established by this court. Relator is mistaken.
 {¶ 5} In the Ankrom matter, the trial court ordered respondent to immediately rehear and grant meaningful consideration for parole to any class member who met certain criteria. See Ankrom, at ¶ 8. InAnkrom, "the trial court's decision rested on its finding that the APA's procedures failed to demonstrate `meaningful consideration' for parole consistent with the dictates of Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719]." Id. at ¶ 14. That order was appealed to this court, and as noted by the magistrate, this court remanded the class action filed on behalf of the inmates to the Franklin County Court of Common Pleas for further proceedings. Therefore, contrary to relator's assertions, we find that he is, in effect, seeking a writ of mandamus ordering respondent to comply with an order of the Franklin County Court of Common Pleas which was the subject of an appeal to this court in Ankrom.
 {¶ 6} Because relator seeks the enforcement of an order of the common pleas court in the class action, a writ of mandamus would be inappropriate. As stated by this court in State ex rel. Collier v. OhioAdult Parole Auth., Franklin App. No. 06AP-267, 2006-Ohio-6647, "the common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court issued for the benefit of the class." Id. at ¶ 13. Therefore, we find no error in the *Page 4 
magistrate's finding that relator has a plain and adequate remedy in the ordinary course of law.
 {¶ 7} By his objections, relator also argues that the magistrate erroneously determined that the doctrine of stare decisis should prevail over the interest of justice, considering her non-reliance on another court's interpretation of former R.C. 2967.19.[1] Relator suggests that the magistrate erred in relying upon judicial precedent from this court, and not considering a decision from a trial court in Richland County, for her interpretation of former R.C. 2967.19. Relator's arguments are unpersuasive. In this matter, relator has asserted that he is entitled to have respondent apply good-time credit to reduce his maximum sentence. In her decision, the magistrate succinctly set forth the plain language of the pertinent part of former R.C. 2967.19, which provides that good-time credit is solely a deduction from a prisoner's minimum or definite sentence. As noted by the magistrate, that assessment of the plain language of former R.C. 2967.19 is consistent with previous decisions of this court. See, e.g., State ex rel. Perry v.Ohio Adult Parole Auth., Franklin App. No. 03AP-1277, 2004-Ohio-4039. Applying that plain language, the magistrate correctly reasoned that relator cannot demonstrate a clear legal right to have good-time credit applied to reduce his maximum sentence. Lastly, relator's reference to a Richland County trial court decision is unavailing, as this court is obviously not bound by any decision of that court.
 {¶ 8} Following our independent review of this matter, we find that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. *Page 5 
Thus, we overrule relator's objections, and adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law. In accordance with the magistrate's decision, we grant respondent's motion to dismiss.
Objections overruled; motion to dismiss granted; actiondismissed.
 KLATT and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 6 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON MOTION TO DISMISS {¶ 9} Relator, James Weaver, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to reconsider him for parole because, although respondent did recently provide relator with a new parole hearing as required by Ankrom v. Ohio Adult Parole Auth., Franklin App. No. 04AP-984, 2005-Ohio-1546, relator maintains that respondent has failed to give him the meaningful consideration required. *Page 7 
Findings of Fact: {¶ 10} 1. Relator is an inmate currently incarcerated at Belmont Correctional Institution located in St. Clairsville, Belmont County, Ohio.
 {¶ 11} 2. Relator was convicted of gross sexual imposition and attempted felonious sexual penetration and is serving a sentence of five to 15 years.
 {¶ 12} 3. In January 1999, relator's sentence was suspended, and he was placed on probation; however, in August 2001, relator violated his parole by having contact with his victim and the daughter of his girlfriend and he was returned to prison.
 {¶ 13} 4. Relator's first parole hearing occurred in 2003 and, according to relator's complaint, he was assessed a Category ten and given a Criminal History/Risk Score of four. With good-time credit, he would not be released until 2011.
 {¶ 14} 5. Relator acknowledges that he received a parole rehearing pursuant to Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719.
 {¶ 15} 6. At his Layne rehearing, relator indicates that he was properly assigned to a Category nine for his offenses of conviction, but that he continued to be improperly placed in a Criminal History/Risk Score of four and his next parole hearing was scheduled for January 2008.
 {¶ 16} 7. On August 14, 2006, relator received another parole hearing following this court's decision in the Ankrom case. At that time, relator's classifications did not change.
 {¶ 17} 8. Thereafter, relator filed the instant mandamus action in this court. Relator asserts that at his Ankrom parole hearing he did not receive the meaningful review that this court stated that all inmates are entitled to receive. According to relator, *Page 8 
inmates continue to receive proceedings which lack any substantial consideration for parole. Relator urges this court to thoroughly examine his parole record and determine whether or not he received the meaningful review which this court determined prisoners were entitled to receive in Ankrom. Specifically, relator contends that his hearing was deficient and resulted in his being assigned an incorrect Criminal History/Risk Score of four, and that the OAPA still has not applied good-time credit to reduce his maximum term.
 {¶ 18} 9. Respondent has filed a motion to dismiss. First, respondent asserts that the Aknrom matter remains pending in the Franklin County Court of Common Pleas and that that court is currently wrestling with the very issue which relator seeks to raise individually here. Second, relator has no clear legal right to have good-time credit applied to reduce his maximum term because R.C. 2967.19 operates to allow good-time credit to reduce a minimum sentence by 30 percent, and not the maximum sentence.
 {¶ 19} 10. Relator has filed a memorandum contra.
 {¶ 20} 11. The matter is currently before the magistrate.
Conclusions of Law: {¶ 21} For the reasons that follow, it is this magistrate's conclusion that this court should grant respondent's motion to dismiss relator's complaint.
 {¶ 22} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. *Page 9 
 {¶ 23} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, respondents' motion should be granted and relator's complaint should be dismiss.
 {¶ 24} In this court's decision in Ankrom, the class action filed on behalf of the inmates was remanded to the Franklin County Court of Common Pleas for further proceedings. This court can take judicial notice of the fact that the common pleas court action is still pending and that that court is still monitoring and proceeding over the matter. As such, as this court recently held in State ex rel. Collier v. OhioAdult Parole Auth., Franklin App. No. 06AP-267, 2006-Ohio-6647, the common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court issued for the benefit of the class. Because the common pleas court action affords relator a plain and adequate remedy to seek enforcement of an order that is allegedly applicable to relator, relief in mandamus is inappropriate.
 {¶ 25} Furthermore, to the extent that relator contends that he is entitled, by law, to have the OAPA apply good-time credit to reduce his maximum sentence, relator is *Page 10 
mistaken. On its face, R.C. 2967.19 clearly provides that good-time credit is solely a deduction from a prisoner's minimum or definite sentence. Specifically, R.C. 2967.19 provides, in pertinent, that prisoners sentenced to and confined in state correctional institutions are entitled to a deduction from their minimum or definite sentence of 30 percent of their sentence. This court has consistently recognized this interpretation. See, for example, State ex rel. Perry v. Ohio AdultParole Auth., Franklin App. No. 03AP-1277, 2004-Ohio-4039. As such, relator cannot demonstrate a clear legal right to have good-time credit applied to reduce his maximum sentence.
 {¶ 26} Because relator has a plain and adequate remedy in the common pleas court action and because relator does not have a clear legal right to have good-time credit applied to his maximum term, it is this magistrate's decision that this court grant respondent's motion to dismiss this action.
[1] R.C. 2967.19 was repealed in 1996. See Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7808-9, effective July 1, 1996. However, the terms of former R.C. 2967.19 apply to persons sentenced prior to July 1, 1996, and to persons sentenced for offenses committed prior to July 1, 1996. R.C. 2967.021; State ex rel. Duley v. Ohio Dept. of Rehab. Corr., Franklin App. No. 06AP-1221, 2007-Ohio-2011. *Page 1