DECISION
{¶ 1} Relator, William L. Ridenour, an inmate, has filed an original action alleging that the Ohio Adult Parole Authority ("OAPA") failed to conduct and provide relator and other inmates, who pled guilty or no contest to lesser or fewer offenses than for which they were indicted, parole rehearings that comply with policies and practices adopted by *Page 2 
the OAPA following the Ohio Supreme Court's decision in Layne v. OhioAdult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719. Relator seeks an order requiring respondents, Harry Hageman, Deputy Director of the OAPA, and Cynthia B. Mausser, Chairperson of the Ohio Parole Board, to immediately rehear and grant meaningful parole consideration to relator and other similarly situated inmates. Relator also requests that this court grant his motion for class certification and for appointment of counsel.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On September 27, 2006, respondents filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On October 24, 2006, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondents' motion to dismiss on the basis of res judicata. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision, asserting that: (1) the magistrate erred in applying the doctrine of res judicata; (2) the magistrate erred in relying on allegations not contained in the complaint; and (3) respondents were precluded from raising the "affirmative defense" of res judicata. For the reasons that follow, while we decline to apply the doctrine of res judicata under Civ.R. 12(B)(6), based upon the allegations in the complaint, we nevertheless adopt the magistrate's recommendation to grant respondents' motion to dismiss.
 {¶ 4} According to the averments in his complaint, relator is one of a number of inmates involved in a class action lawsuit against respondents, such action being the subject of a prior appeal to this court. See Ankrom v. Hageman, Franklin App. No. 04AP-984,2005-Ohio-1546. The class action arose out of a decision by the Ohio Supreme *Page 3 
Court in Layne, supra. In Layne, the court held that "in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." Id., at ¶ 28. Following the Layne decision, the OAPA conducted new parole hearings for approximately 2,500 inmates. SeeAnkrom v. Hageman, Franklin App. No. 06AP-735, 2007-Ohio-5092, at ¶ 3.
 {¶ 5} As noted, in the instant action, relator seeks a writ requiring respondents to provide him, and similarly situated inmates, a "meaningful consideration for parole." In State ex rel. Weaver v. OhioAdult Parole Auth., Franklin App. No. 06AP-1173, 2007-Ohio-2726, at ¶ 1, the relator, an inmate, also an "Ankrom" class action member, similarly sought a writ of mandamus ordering the OAPA to conduct a parole rehearing and to provide him the "meaningful consideration" required by the dictates of Layne, supra. This court in Weaver, supra, at ¶ 6, rejected the relator's request on the basis that he had a plain and adequate remedy in the ordinary course of law, holding in part:
 Because relator seeks the enforcement of an order of the common pleas court in the class action, a writ of mandamus would be inappropriate. As stated by this court in State ex rel. Collier v. Ohio Adult Parole Auth., Franklin App. No. 06AP-267, 2006 Ohio 6647, "the common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court issued for the benefit of the class." Id. at ¶ 13. * * *
 {¶ 6} Similarly, in the instant case, based upon the allegations in relator's complaint, mandamus relief is inappropriate as the common pleas court affords relator a plain and adequate remedy.Weaver, supra. See, also, State ex rel. Collier v. Ohio Adult ParoleAuth., Franklin App. No. 06AP-267, 2006-Ohio-6647. *Page 4 
 {¶ 7} Based upon the foregoing, while we disagree with the magistrate's conclusions of law, we adopt the magistrate's findings of fact, and the magistrate's recommendation that respondent's motion to dismiss be granted. Accordingly, we overrule relator's objections, grant respondents' motion to dismiss, and deny relator's request for a writ of mandamus. Further, in light of the above, relator's motions for appointment of counsel and class certification are denied.
Objections overruled; relator's motion for appointment of counsel andclass certification denied; respondents' motion to dismiss granted andaction dismissed.
KLATT and FRENCH, JJ., concur.
 APPENDIX A MAGISTRATE'S DECISION Rendered on October 24, 2006 IN MANDAMUS ON MOTIONS {¶ 8} Relator, William L. Ridenour, has filed this original action asserting that the Ohio Adult Parole Authority ("APA") has failed to conduct and provide relator and other inmates who pled guilty or no contest to lesser or fewer offenses for which they were indicted alleging that the APA has failed to grant them parole rehearings which actually *Page 6 
comply with the policies and practices adopted by the APA following the Supreme Court of Ohio's decision in Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719. Relator also requests this court grant his motion for class certification and for appointment of counsel. The APA has filed a motion to dismiss and a motion requesting that the magistrate stay the determination regarding the class certification issue until the motion to dismiss is disposed of.
Findings of Fact: {¶ 9} 1. Relator is an Ohio inmate currently incarcerated at the Chillicothe Correctional Institution.
 {¶ 10} 2. In April 1972, the Montgomery County Court of Common Pleas accepted relator's guilty plea and convicted him of two counts of murder in the second degree, one count of shooting to kill, and two counts of assault with a deadly weapon. Relator was sentenced to two life terms, a term of one to 20 years, and two terms of one to five years, all to be served consecutively. Relator subsequently escaped from prison and following his recapture, he was convicted in May 1978 of two counts of kidnapping, one count of felonious assault, one count of aggravated burglary, and one count of escape. Relator was sentenced to an aggregate prison term of four to 25 years, to be served consecutively to his 1972 sentence.
 {¶ 11} 3. As of this date, relator has been denied parole following every hearing concerning whether or not relator should be released on parole.
 {¶ 12} 4. Relator was a member of the class of inmates certified as a class by Franklin County Court of Common Pleas Judge Cain in what has become known as the Ankrom case. See Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546. *Page 7 
Judge Cain defined the Ankrom class as consisting of all parole-eligible Ohio prison inmates who pled guilty or no contest to lesser or fewer offenses than for which they were indicted. All members of that class were to be granted new parole hearings which complied with the Supreme Court of Ohio's decision in Layne.
 {¶ 13} 5. Relator acknowledges in his complaint that he has received a new hearing regarding his eligibility for parole following the court's decision in Layne.
 {¶ 14} 6. In this mandamus action, relator contends that, in spite of the fact that he and other inmates have received their rehearing following the Layne decision, the APA continues to deny relator and other similarly situated inmates meaningful consideration for parole. Specifically, relator asserts the following in his complaint:
 * * * Respondents have perverted the statutorily granted right of Relators to meaningful consideration for parole by making their parole review subservient to an unrelated and monetarily driven endeavor, namely the quest to attract additional money from the U.S. Justice Department to fund the building and maintenance of prisons in Ohio. * * *
Id. at ¶ 31. Relator asserts that the APA is and will continue to hold violent offenders for either 85 percent of the prison term established under Ohio's Sentencing and Release Guidelines or 85 percent of the maximum sentence term established by the court instead of following the Supreme Court of Ohio's mandate in Layne.
 {¶ 15} 7. It is undisputed that relator has filed numerous actions following his conviction including attempts to withdraw his guilty plea, to be released from jail, and for other post-conviction relief.
 {¶ 16} 8. Recently, relator had appealed from a trial court decision denying his motion to withdraw his guilty plea more than 30 years after the fact, without first conducting a hearing on his motion. In State v.Ridenour, Montgomery App. No. 20538, *Page 8 2005-Ohio-5238, the Second District Court of Appeals determined that the trial court did not abuse its discretion in denying relator's motion without a hearing. In its decision, the court indicated that relator argued that the APA improperly categorized him for offenses which he had not committed and that he had entered his plea of guilty based upon his belief that he would serve no more than ten years in prison. With regard to relator's argument that the APA had improperly categorized him for offenses which he had not committed, the court specifically found as follows:
 To date the APA has conducted fourteen release consideration hearings for Ridenour. Most recently, the APA held a hearing pursuant to Layne v. Ohio Adult Parole Authority, 97 Ohio St.3d 456, 780 N.E.2d 548, 2002-Ohio-6719, wherein the APA reclassified Ridenour's offenses for purposes of its release hearings from the offenses for which he was originally indicted to the offenses to which he actually pled. Moreover, the Central Office Board (COB) reviewed Ridenour's Layne hearing to ensure that the APA had correctly reclassified the offenses. The COB found that the APA had correctly reclassified Ridenour and scheduled his next hearing for forty-six months from that date. Because the APA has correctly reclassified Ridenour, this argument is moot. * * *
Id. at ¶ 8.
 {¶ 17} 9. On August 25, 2006, relator filed the instant mandamus action in this court and later filed his motion for class certification and the appointment of counsel.
 {¶ 18} 10. As stated previously, respondents have filed a motion to dismiss on the grounds that, as a member of the Ankrom class, relator is already represented by counsel and is precluded from filing this action on his own.
 {¶ 19} 11. The matter is currently before the magistrate on motions.
Conclusions of Law: *Page 9 {¶ 20} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for class certification as well as for the appointment of counsel and should grant the motion of respondents to dismiss. Further, this magistrate hereby denies respondents' motion to delay ruling upon relator's motion for class certification until after the motion to dismiss is determined.
 {¶ 21} Class certification is governed by Civ.R. 23, which provides as follows:
 (A) Prerequisites to a class action
 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 (B) Class actions maintainable
 An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 (1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or *Page 10 
 (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.
 {¶ 22} In addition, courts have held that the following are elements not explicitly found in Civ.R. 23, but which are required for certification: (1) that the class be identifiable and that the definition of the class be unambiguous; and (2) that the class representative be a member of the class. Shaver v. Standard Oil Co. (1990), 68 Ohio App.3d 783. If a plaintiff fails to prove any one of the prerequisites of Civ.R. 23 of either of the two implicit requirements of Civ.R. 23, class certification should be denied.
 {¶ 23} As stated in the findings of fact, the Second District Court of Appeals has determined that relator's parole rehearing following the Supreme Court of Ohio's decision in Layne met the requirements ofLayne and specifically found that relator is correctly reclassified and scheduled for his next parole hearing 46 months from the date of that hearing. Because it has been determined by a court of competent jurisdiction that relator has been properly reclassified and because relator has had the opportunity to raise the issue which he is currently raising before this court in a previous action, the doctrine of res judicata applies and relator cannot maintain the current action in this court. Relator cannot pursue actions in multiple courts throughout the state of Ohio challenging the same hearing and denial of parole for different reasons. Because the issue has already *Page 11 
been determined, with regards to relator, the magistrate finds that res judicata applies, that relator has been properly reclassified and, as such, cannot represent the rest of the class commonly referred to as theAnkrom class and his motion for certification must be denied and this action dismissed.
 {¶ 24} Turning to respondents' motion to dismiss, because of the prior finding that relator has received the rehearing which was mandated by the Supreme Court of Ohio in Layne, and that relator is currently properly reclassified, relator cannot prevail in this mandamus action. Because relator can prove no set of facts entitling him to recovery, respondents' motion to dismiss should be granted although for different reasons than argued. Furthermore, because this matter should be dismissed, relator's request for appointment of counsel should be denied. In addition, respondents' motion requesting that the magistrate stay the decision regarding the class certification is also denied.
 {¶ 25} Because relator has already challenged his rehearing and it has been determined that he has been properly reclassified, relator cannot represent any potential class which may or may not have a cause of action against the APA following their Layne rehearings. Furthermore, because res judicata applies, relator cannot maintain this complaint in mandamus and respondents' motion to dismiss should be granted. *Page 1