THE STATE EX REL. WEAVER, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Weaver v. Ohio Adult Parole
Auth.,* 116 Ohio St.3d 340, 2007-Ohio-6435.]

(No. 2007–1188—Submitted November 28, 2007—Decided December 13, 2007.)

———

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an inmate's petition for a writ of mandamus to compel appellee, Ohio Adult Parole Authority, to give him a

meaningful parole hearing in accordance with *Ankrom v. Hageman,* Franklin App. Nos. 04AP–984, 04AP–985, 04AP–986, 04AP–987, 04AP–988, 04AP–989, 04AP–990, 04AP–991, 04AP–993, and 04AP–994, 2005-Ohio-1546, 2005 WL 737833. Because the inmate has an adequate remedy at law by seeking to enforce the order in the *Ankrom* litigation, we affirm.

{¶ 2} In *Ankrom v. Hageman* (2001), 118 Ohio Misc.2d 226, 770 N.E.2d 667, the common pleas court certified a class of all parole-eligible Ohio prison inmates who had pleaded guilty or no contest to lesser offenses or to fewer than all the offenses for which they were indicted. The court ordered appellee, Ohio Adult Parole Authority, to immediately hold new parole hearings and grant meaningful parole consideration to certain class members. On appeal, the court of appeals affirmed the judgment of the trial court in part and agreed that the parole authority had denied the class inmates meaningful parole in several respects. *Ankrom,* 2005-Ohio-1546, 2005 WL 737833.

{¶ 3} In August 2006, appellant, inmate James Weaver, received a parole hearing pursuant to *Ankrom.* The parole board denied parole.

{¶ 4} In November 2006, Weaver filed a petition in the Court of Appeals for Franklin County for a writ of mandamus to compel the parole authority to comply with *Ankrom* and give him a meaningful parole consideration. Weaver claimed that he was not assigned an appropriate criminal history/risk score in the parole determination and that the parole authority had failed to apply his good-time credit to reduce his maximum prison term. The parole authority filed a Civ.R. 12(B)(6) motion to dismiss Weaver's petition for failure to state a claim upon which relief can be granted. The court of appeals granted the parole authority's motion and dismissed the petition.

{¶ 5} In his appeal as of right, Weaver asserts that the court of appeals erred in dismissing his mandamus petition. We disagree.

{¶ 6} A writ of mandamus will not be granted if the relator has a plain and adequate remedy in the ordinary course of law. *State ex rel. Rashada v. Pianka,* 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 4; R.C. 2731.05. Weaver has or had an adequate remedy in the ordinary course of law through the filing of a motion for contempt in the *Ankrom* case. *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202; *State ex rel. Obojski v. Perciak,* 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 17.

{¶ 7} Moreover, insofar as Weaver claims that the parole authority failed to properly apply the good-time provisions of former R.C. 2967.19 to reduce the maximum term of his indeterminate sentence, the claim lacks merit. Former R.C. 2967.19 does not reduce the maximum term, but only the minimum term of Weaver's indeterminate sentence. *State ex rel. Bealler v. Ohio Adult Parole*

*Auth.* (2001), 91 Ohio St.3d 36, 740 N.E.2d 1100; Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6437.

{¶ 8} Finally, the court of appeals did not improperly "review [the] merits" by granting the Civ.R. 12(B)(6) motion to dismiss, as Weaver claims. Dismissals of mandamus actions based upon the existence of an adequate remedy in the ordinary course of law are appropriate as long as it appears beyond doubt that relator can prove no set of facts warranting relief. See *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108–109, 647 N.E.2d 799. The court of appeals applied the appropriate standard to Weaver's mandamus claim.

{¶ 9} Therefore, the court of appeals properly dismissed Weaver's mandamus petition. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

James Weaver, pro se.

Marc Dann, Attorney General, and Laura D. Wood, Assistant Attorney General, for appellee.