[Cite as *State ex rel. Sultaana v. Bova*, 2014-Ohio-1737.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100875**

# STATE OF OHIO, EX REL.
# HAKEEM SULTAANA

RELATOR

vs.

# FRANK BOVA

RESPONDENT

# JUDGMENT:
WRIT DENIED

Writ of Mandamus
Motion Nos. 473168 and 473403
Order No. 473890

**RELEASED DATE:**     April 18, 2014

-i-

**RELATOR**

Hakeem Sultaana
No. 0171385
P.O. Box 5600
Cleveland, Ohio 44101


**ATTORNEYS FOR RESPONDENT**

Timothy McGinty
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Hakeem Sultaana ("Sultaana") has filed an application for a writ of mandamus. Sultaana seeks an order from this court that requires respondent, Cuyahoga County Sheriff Frank Bova ("Bova"), to comply with the provisions of a court order entered in Cuyahoga C.P. Case No. CR-12-568418-A that granted Sultaana one hour computer access daily for legal research only. Respondent has moved for summary judgment, which Sultaana has opposed. Sultaana has also moved for summary judgment. Respondent's motion for summary judgment is granted, and relator's motion for summary judgment is denied for the reasons that follow.

{¶2} Sultaana's application is defective in several respects that would warrant its dismissal. *See* R.C. 2969.25(A) ("At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."), Loc.App.R. 45 ("All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Absent such detail and attachment, the complaint is subject to dismissal."); *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶ 2, citing *Allen v. Court of Common Pleas of Allen Cty.*, 173

Ohio St. 226, 181 N.E.2d 270 (1962). Sultaana did not fully comply with the foregoing requirements.

{¶3} Sultaana's affidavit specifying the details of his claim and his purported R.C. 2969.25(A) affidavit describing his civil actions in the past five years, are not notarized. His description of his civil actions is wholly insufficient because it provides only partial citations, no case numbers, and fails to identify the court in which the civil action or appeal was brought in two of the three actions he listed. He also failed to identify the outcome of the actions or appeals and did not describe the nature of any of the actions or appeals.

{¶4} Sultaana's affidavit of indigency is also not notarized, and he has not filed the required certified cost statement that sets forth the balance in his inmate account for each of the preceding six months. R.C. 2969.25(C). His unsworn statement that "it's hard to procure" an account statement does not relieve him of his obligation to comply with the mandated statutory procedural requirements.

{¶5} R.C. 2731.04 requires an application for writ of mandamus to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio held, "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." *Id.* (reversing the court of appeal's granting of the writ because the procedurally defective petition should have been summarily dismissed); *see also Griffin v. McFaul*, 116 Ohio

St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527, ¶ 4 (affirming denial of writ of habeas corpus for reasons including that the "purported verification was ineffective because it was not notarized.") Sultaana's application is not verified.

{¶6} Although Sultaana indicates that respondent does not offer notary services, this does not exempt him from procedural compliance with the law that requires these affidavits to be notarized. *State ex rel. Campbell v. Russo*, 8th Dist. Cuyahoga No. 95463, 2010-Ohio-4369, ¶ 11 (holding petitioner is not exempt from the requirement of providing notarized affidavits on grounds that the county jail does not provide notary services).

{¶7} Any one of these pleading deficiencies would warrant dismissal. In addition, Sultaana has not satisfied the requirements necessary for the issuance of a writ. Sultaana must establish that: (1) Sultaana has a clear legal right to the requested relief, (2) Bova has a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Mandamus is an extraordinary remedy that is to be exercised with caution. "A writ of mandamus will not be granted if the relator has a plain and adequate remedy in the ordinary course of law." *State ex rel. Weaver v. Ohio Adult Parole Auth.*, 116 Ohio St.3d 340, 2007-Ohio-6435, 879 N.E.2d 191 (affirming the dismissal of action for writ of mandamus because inmate had an adequate remedy in the ordinary course of law through the filing of a motion for contempt); *see also State ex rel. Ridenour v. Hageman*, 10th Dist. Franklin No. 06AP-858, 2007-Ohio-5863, ¶ 5 (holding common pleas court has jurisdiction to adjudicate a motion to enforce an order issued by that court). "The use of extraordinary relief to enforce a judgment is not widespread, because of the

availability of other means of enforcement, e.g., motion for contempt." *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14. Sultaana has an adequate remedy at law and, therefore, mandamus is inappropriate. Further, Sultaana has not established that respondent has a clear legal duty to provide continued daily access to the computer because there is a dispute as to whether Sultaana violated the court order himself by utilizing the computer for reasons beyond legal research. Specifically, it was averred that "Sultaana accessed the computer to be used for legal research in violation of the rules and regulations of the CCCC and was consequently prohibited from using the computer."

{¶8} For all of the foregoing reasons, respondent's motion for summary judgment is granted, relator's motion for summary judgment is denied. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Writ denied.

_____
PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR