{¶ 1} Relator, Andre Collier, an inmate of the Mansfield Correctional Institution, commenced this original action requesting a writ of mandamus that orders respondent, Ohio Adult Parole Authority, to comply with an order of the Franklin County Court of Common Pleas in a class action suit that was the subject of an appeal to this court inAnkrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate determined this court should grant respondent's motion to dismiss, as "the common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court issued for the benefit of the class." (Magistrate's Decision, ¶ 13.)
 {¶ 3} Relator filed objections to the magistrate's conclusions of law, largely rearguing those matters adequately addressed in the magistrate's decision. As this court explained in State of Ohio ex rel. Harris v.Croft (Dec. 29, 2005), Franklin App. No. 05AP-440 (Memorandum Decision), "[b]ecause relator does not address why he lacks an adequate remedy at law, we find relator's arguments unpersuasive. Mandamus relief cannot be granted when relator has a plain and adequate remedy at law." Id. at ¶ 3. Cf. State of Ohio ex rel. Hawley v. Ohio Adult Parole Auth. (Dec. 8, 2005), Franklin App. No. 05AP-486 (Memorandum Decision) (sustaining objection to magistrate's conclusion that relator had an adequate remedy at law by way of appeal from the trial court's decision in Ankrom v.Hageman, C.P. No. 01CVH02-1563). For the reasons set forth inHarris, relator's objections are overruled.
 {¶ 4} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, respondent's motion to dismiss is granted.
Objections overruled;
 case dismissed.
SADLER and McGRATH, JJ., concur.
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 5} In this original action, relator, Andre Collier, an inmate of the Mansfield Correctional Institution ("MCI"), requests a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to comply with an order of the Franklin County Court of Common Pleas ("common pleas court") in a class action suit which was the subject of an appeal to this court in Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546.
Findings of Fact:
 {¶ 6} 1. On March 17, 2006, relator filed this mandamus action against respondent. According to the complaint, because of a common pleas court order in a class action which was the subject of an appeal to this court in Ankrom, relator is entitled to an immediate parole eligibility hearing before the OAPA.
 {¶ 7} 2. According to the complaint, relator is a member of the class certified by the common pleas court and respondent has refused to acknowledge that relator is a class member and that he is entitled to the benefits of the common pleas court's order.
 {¶ 8} 3. On April 25, 2006, respondent filed a motion to dismiss this action under Civ.R. 12(B)(6) for the failure of the complaint to state a claim upon which relief in mandamus can be granted.
 {¶ 9} 4. On May 8, 2006, relator filed a memorandum in opposition to the motion to dismiss.
Conclusions of Law:
 {¶ 10} It is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.
 {¶ 11} It is settled that, in order for a writ of mandamus to issue, relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Bergerv. McMonagle (1983), 6 Ohio St.3d 28, 29.
 {¶ 12} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 13} It is clear from the allegations of the complaint that the common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court issued for the benefit of the class. Thus, relator's complaint is not properly the subject of an original action filed in this court. See Montgomery v. Doe (1998), Franklin App. No. 98AP-534,Jomoko Corp. v. Bd. of County Commrs. (1985), Lucas App. No. L-84-360;Reese v. Chicago Police Dept. (N.D.Ill. 1984), 602 F.Supp 441; State exrel. Harris v. Croft (2005), Franklin App. No. 05AP-440 (Memorandum Decision).
 {¶ 14} Because the common pleas court action affords relator a plain and adequate remedy to seek enforcement of an order that is allegedly applicable to relator, relief in mandamus is inappropriate.
 {¶ 15} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss this action.