DECISION
{¶ 1} Relator, Andre Collier, an inmate at Marion Correctional Institution ("MCI"), seeks a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("respondent"), to comply with an order of the Franklin County Court of Common Pleas that was the subject of an appeal in Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546.[1]
Claiming that relator is not entitled to relief in mandamus, respondent has moved for summary judgment. *Page 2 
 {¶ 2} Pursuant to Loc.R. 12(M) of the Tenth District Court of Appeals, this court appointed a magistrate without limitation of authority specified in Civ.R. 53(C) to consider relator's cause of action. The magistrate examined the evidence and issued a decision, wherein he made findings of fact and conclusions of law. (Attached as Appendix A.) Finding that relator has a plain and adequate remedy at law, the magistrate recommended granting respondent's summary judgment motion, thereby denying relator's request for a writ of mandamus.
 {¶ 3} Pursuant to Civ.R. 53, relator has filed objections to the magistrate's decision. See, generally, Civ.R. 53(D)(3)(b). In his objections, relator challenges the magistrate's finding that relator has a plain and adequate remedy at law. Specifically, relying on a 2005 memorandum, relator claims that his counsel, who is representing relator in a class action, instructed him not to contact him or her. Because counsel for the class purportedly instructed relator not to call and has not contacted relator since September 2005, and because the trial court rejected relator's pro se representation, relator therefore reasons he lacks a plain and adequate remedy at law. Respondent has not submitted any filing opposing relator's objections.
 {¶ 4} For the reasons set forth below, we overrule relator's objections to the magistrate's decision.
 {¶ 5} To be entitled to a writ of mandamus, relator must show: (1) a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the act sought; and (3) relator has no plain and adequate remedy at law. State ex rel. Fain v. Summit Cty. AdultProbation Dept. (1995), 71 Ohio St.3d 658, citing State ex. rel. Howardv. Ferreri (1994), 70 Ohio St.3d 587, 589; see, also, State ex rel.Mackey v. Blackwell, 106 Ohio St.3d 261, 2005-Ohio-4789, at ¶ 21, citingState ex rel. Ross v. State, *Page 3 102 Ohio St.3d 73, 2004-Ohio-1827, at ¶ 5; R.C. 2731.05. To constitute an adequate remedy at law, the alternative must be complete, beneficial, and speedy. Mackley, at ¶ 1, quoting State ex rel. Ullmann v.Hayes, 103 Ohio St.3d 405, 2004-Ohio-5469, at ¶ 8, reconsideration denied, 104 Ohio St.3d 1124, 2004-Ohio-7033.
 {¶ 6} By comparison, to be entitled to summary judgment, respondent must demonstrate that: (1) no genuine issue of material fact exists; (2) respondent is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to relator, who is entitled to have the evidence most strongly construed in his favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183; see, also, Dresher v.Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 7} Here, a memorandum of September 23, 2005, which relator relies upon to support his claim that he lacks a plain and adequate legal remedy, states in part:
 We have received your questionnaire and materials. Your file in this office has been opened.
 As stated in our last correspondence, we have not begun the process of analyzing individual cases to determine class membership. Please do not contact us requesting that we determine whether you are a class member, or that we assist you in having your name placed on the existing list, or that we request a parole hearing/rehearing on your behalf. These matters will be addressed at a later date. * * *
(Memorandum from Intake Section, Ohio Public Defender, to "Ohio Inmate," dated September 23, 2005.)
 {¶ 8} Even construing this memorandum most strongly in relator's favor, a review of this memorandum shows that relator's claim that class counsel instructed relator not to contact counsel incompletely represents class counsel's instruction. In the memorandum, *Page 4 
counsel for the class did not discourage contact with counsel for any reason whatsoever, as relator seemingly suggests. Rather, class counsel instructed relator not to contact counsel to request "that we determine whether you are a class member, or that we assist you in having your name placed on the existing list, or that we request a parole hearing/rehearing on your behalf" because these matters would be addressed later.
 {¶ 9} We also cannot disagree with the magistrate's construal ofState ex rel. Collier v. Ohio Adult Parole Auth., Franklin App. No. 06AP-267, 2006-Ohio-6647 ("Collier I"), and the magistrate's conclusions of law in the present case, wherein he concluded in part:
 Significantly, Judge Cain's March 6, 2007 decision and entry does not hold that the common pleas court lacks jurisdiction over relator's January 29, 2007 motion. To the contrary, it holds that relator is represented by class counsel in the common pleas court action and, on that basis, relator's pro se motion is improper.
 Clearly, Judge Cain's March 6, 2007 decision and entry does not in any way alter what has been previously determined by this court in Collier I — that relator has a plain and adequate remedy at law in the common pleas court action.
(Magistrate's Decision, at ¶ 26-27.)
 {¶ 10} As the Collier I court observed: "`[T]he common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court for the benefit of the class.'" Id at ¶ 2. Just as Collier I found that the common pleas court had jurisdiction to adjudicate a class member's motion to enforce an order for the benefit of the class, id., we find that, pursuant to Civ.R. 23, the common pleas court also has authority to adjudicate a motion by a class member that *Page 5 
may challenge the fairness and adequacy of the representation of class counsel. See, generally, Civ.R. 23(D).[2]
 {¶ 11} Furthermore, as to relator's oblique suggestion of inadequate representation by class counsel, we observe that the trial court previously has found that relator's class counsel is "actively litigating" the class action and that relator's class counsel "is pursuing the relief ordered by this Court on behalf of the class." (Magistrate's Decision, Fourth Finding of Fact, at ¶ 20.)
 {¶ 12} Nevertheless, despite these findings by the trial court as to class counsel's legal representation, if relator were to have a grievance with class counsel, we find that he would have an adequate remedy at law by means of grievance procedures. See, Gov.Bar. R. V; see, also, Howard v. Spore (2001), 91 Ohio St.3d 131, 132, reconsideration denied, 91 Ohio St.3d 1515 (stating that "[appellant] is not entitled to a writ of mandamus to compel Judge Spore to report ethical misconduct because [appellant] has or had an adequate legal remedy by filing a grievance under Gov.Bar R. V"). Cf. Christensen v. Bd. of Commrs. OnGrievances Discipline (1991), 61 Ohio St.3d 534, 537 (stating that "[the] disciplinary procedure is the equivalent of appeal * * * and is an adequate remedy at law"). *Page 6 
 {¶ 13} Consequently, because this court in Collier I has already determined that the common pleas court has jurisdiction to adjudicate a motion by a class member to enforce an order of the common pleas court for the benefit of the class, because under Civ.R. 23 the common pleas court has authority to adjudicate a motion by a class member that may challenge the fairness or adequacy of representation of class counsel, and because, if relator were to have a grievance with class counsel, grievance procedures would provide relator with an adequate legal remedy, we cannot conclude that the magistrate erred when he concluded that relator has a plain and adequate remedy at law.
 {¶ 14} Additionally, based on the evidence in the record, we further find that summary judgment in favor of respondent is proper because: (1) no genuine issue of material fact exists; (2) respondent is entitled to judgment as a matter of law; and (3) even construing the evidence most strongly in relator's favor, reasonable minds could come to but one conclusion and that conclusion is adverse to relator.
 {¶ 15} Accordingly, following independent review pursuant to Civ.R. 53, we therefore find that the magistrate has properly determined the pertinent facts and applied the relevant law to them. As amplified herein, we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law contained in his decision. We therefore overrule relator's objections to the magistrate's decision, grant respondent's motion for summary judgment, and deny relator's request for a writ of mandamus.
Respondent's motion for summary judgment granted; objectionsoverruled; writ denied.
 BRYANT and BROWN, JJ., concur. *Page 7 
 MAGISTRATE'S DECISION IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 16} In this original action, relator, Andre Collier, an inmate of the Marion Correctional Institution ("MCI"), requests a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("respondent" or "OAPA"), to comply with an order of the Franklin County Court of Common Pleas ("common pleas court") in a class action suit which was the subject of an appeal to this court in Ankrom v. Ohio Adult ParoleAuth., Franklin App. No. 04AP-984, 2005-Ohio-1546. *Page 8 
Findings of Fact: {¶ 17} 1. Relator is the same inmate who filed a previous mandamus action in this court which resulted in this court's decision inState ex rel. Collier v. Ohio Adult Parole Auth., Franklin App. No. 06AP-267, 2006-Ohio-6647 ("Collier I"). In Collier I, relator commenced an original action requesting a writ of mandamus ordering the OAPA to comply with an order of the common pleas court in a class action suit that was the subject of an appeal to this court in Ankrom. InCollier I, this court, adopting the decision of its magistrate, granted the OAPA's motion to dismiss. This court, in Collier I, stated:
 * * * In his decision, the magistrate determined this court should grant respondent's motion to dismiss, as "the common pleas court has jurisdiction, if not exclusive jurisdiction, to adjudicate a motion by a class member to enforce an order of the common pleas court issued for the benefit of the class."
Id. at ¶ 2.
 {¶ 18} 2. The common pleas court order or judgment at issue inAnkrom was issued by the Honorable David E. Cain on August 31, 2004. That order or judgment was reviewed in Ankrom by this court which affirmed in part and reversed in part the common pleas court judgment and remanded to the common pleas court for further proceedings.
 {¶ 19} 3. On June 26, 2007, relator filed the instant action against the OAPA requesting again the issuance of a writ of mandamus ordering the OAPA to comply with the same order of the common pleas court that was the subject of the mandamus action in Collier I.
 {¶ 20} 4. According to the instant complaint, subsequent to this court's decision in Collier I, relator filed on January 29, 2007, a motion in the common pleas court to enforce its order of August 31, 2004. According to an attachment to the complaint, on March 6, *Page 9 
2007, Judge Cain issued a decision and entry denying relator's January 29, 2007 motion. According to the attachment, Judge Cain stated in his March 6, 2007 order:
 Mr. Collier is a class member of the above class action. The Office of the Ohio Public Defender acts as class counsel, which includes Mr. Collier. Mr. Collier's class counsel is actively litigating this case and is pursuing the relief ordered by this Court on behalf of the class. As such, Plaintiff's pro se motion is improper.
 After review and consideration, this Court finds Plaintiff's, Andre Collier, motion to be not well-taken, and is hereby DENIED.
(Emphasis sic.)
 {¶ 21} 5. On September 14, 2007, respondent filed a motion for summary judgment in this action.
 {¶ 22} 6. On October 1, 2007, this magistrate issued an order giving notice that the summary judgment motion was set for submission to the magistrate on October 19, 2007. This magistrate also issued an order stating that, to the extent respondent's September 14, 2007 motion can be construed as a motion to dismiss, relator shall file a brief in opposition no later than October 19, 2007.
 {¶ 23} 7. On September 27, 2007, relator filed a "Reply" to the motion for summary judgment. On October 22, 2007, relator filed a memorandum opposing the motion for summary judgment.
Conclusions of Law: {¶ 24} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 25} According to relator, he no longer has a plain and adequate remedy at law before the common pleas court because Judge Cain has denied his January 29, 2007 *Page 10 
motion for enforcement of the common pleas court order of August 31, 2004. Relator is incorrect.
 {¶ 26} Significantly, Judge Cain's March 6, 2007 decision and entry does not hold that the common pleas court lacks jurisdiction over relator's January 29, 2007 motion. To the contrary, it holds that relator is represented by class counsel in the common pleas court action and, on that basis, relator's pro se motion is improper.
 {¶ 27} Clearly, Judge Cain's March 6, 2007 decision and entry does not in any way alter what has been previously determined by this court inCollier I — that relator has a plain and adequate remedy at law in the common pleas court action.
 {¶ 28} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment.
[1] See, also, State ex rel. Collier v. Ohio Adult Parole Auth., Franklin App. No. 06AP-267, 2006-Ohio-6647 (overruling the relator's objections to magistrate's decision, adopting magistrate's decision, and granting the respondent's motion to dismiss the relator's complaint for a writ of mandamus).
[2] Civ.R. 23(D) provides in part: "In the conduct of actions to which this rule applies, the court may make appropriate orders: * * * (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action[.]"
See Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2006 Ed.) 23-58, Section 23:28 (stating that "Rule 23[D] is designed to give a court the authority to issue orders that will facilitate a just and efficient class action litigation") (footnote omitted); Jemiola v. XYZ Corp. (2003), 126 Ohio Misc. 2d 68, 74, 802
N.E.2d 745, 2003-Ohio-7321, at ¶ 27 (stating that "[t]he court is authorized, pursuant to Ohio Civ.R. 23(D), to enter appropriate orders to control the action. This includes the authority to modify or amend the order granting class certification or any subsequent order issued in this case, as justice requires"). *Page 1