[Cite as *State ex rel. Townsend v. Mohr*, 2016-Ohio-5942.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Anthony Townsend, | : | |
| | : | |
| Relator, | | |
| | : | No. 15AP-681 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Gary [Mohr], Director et al., | | |
| | : | |
| Respondents. | | |
| | : | |

D E C I S I O N

Rendered on September 22, 2016

**On brief:** *Anthony Townsend*, pro se.

**On brief:** *Michael DeWine*, Attorney General, *Zachary R. Huffman*, and *Caitlyn A. Nestleroth,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} Relator, Anthony Townsend, pro se, an inmate of North Central Correctional Complex, has filed this original action requesting a writ of mandamus to order respondent, Gary Mohr, director of the Ohio Department of Rehabilitation and Correction, to grant reconsideration of the April 27, 2015 parole board decision that denied his parole.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. Because relator failed to meet his burden of proof to show by clear and convincing evidence that the parole board relied

on information that it knew or had reason to know was inaccurate, the magistrate recommends this court deny relator's request for a writ of mandamus. We further find relator failed to prove a clear legal right to reconsideration.

{¶ 3} In his decision, the magistrate addressed relator's complaint that, on April 27, 2015, the chair of the Ohio Parole Board was incorrectly informed about a "rule 39 conduct ticket." The magistrate noted that relator alleged in his complaint that he informed the chair that the ticket was not his, and further alleges that the chair verbally agreed with relator. The magistrate further noted that none of the documents appended to relator's brief or submitted as evidence show or suggest that the parole board was misinformed about the "rule 39 conduct ticket" when it rendered its decision and denied parole. The magistrate concluded that relator seemed to ignore his own allegation that the parole board chair corrected his initial statement and then agreed with relator that the "conduct ticket wasn't relator." Accordingly, the magistrate determined relator did not meet the burden of proof for entitlement to the writ by clear and convincing evidence.

{¶ 4} Relator has filed objections to the magistrate's decision. Relator first argues that the magistrate did not make true findings of fact and conclusions of law. We find the magistrate did. Second, relator argues that the magistrate erred by not applying the standard applicable to motions to dismiss pursuant to Civ.R. 12(B)(6). We find the magistrate did not recommend that the writ be dismissed, pursuant to Civ.R. 12(B)(6), but, rather, that the writ be denied for failure to meet the burden of proof for entitlement to the writ by clear and convincing evidence. The magistrate was not required to apply a Civ.R. 12(B)(6) standard.

{¶ 5} "To be entitled to a writ of mandamus, relator must show: (1) a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the act sought; and (3) relator has no plain and adequate remedy at law." *State ex rel. Collier v. Ohio Adult Parole Auth.*, 10th Dist. No. 07AP-530, 2008-Ohio-1798, ¶ 5, citing *State ex rel. Fain v. Summit Cty. Adult Probation Dept.*, 71 Ohio St.3d 658 (1995). Furthermore, as noted by the magistrate, the Supreme Court of Ohio has held that the appropriate standard of proof in mandamus cases is proof by clear and convincing evidence. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 55. In *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161 (1967), the court observed that in

mandamus cases, " '[t]he facts submitted and the proof produced must be plain, clear, and convincing' " before a writ will be granted. *Id.*, quoting 35 Ohio Jurisprudence 2d, Discretion as to Issuance, Section 37, at 285 (1959). In *Doner*, the court observed that "[p]arties seeking extraordinary relief bear a more substantial burden in establishing their entitlement to this relief. In mandamus cases, this heightened standard of proof is reflected by two of the required elements—a 'clear' legal right to the requested extraordinary relief and a corresponding 'clear' legal duty on the part of the respondents to provide it." *Id.* at ¶ 56. We agree with the magistrate that relator did not meet the clear and convincing standard.

{¶ 6} We have reviewed the documents included in respondent's stipulation of evidence filed October 22, 2015 as well as the documents included in relator's stipulation of evidence filed September 3, 2015. We were not able and did not review documents contained in relator's master file at North Central Correctional Complex which he cites on pages one and two of his stipulation of evidence, as these documents were not entered into evidence and these are not part of the record before us. We also note that the documents which are in the record are difficult to read due to the quality of copies. Notwithstanding, we note first that the parole board decision and minutes indicate the rationale for the parole board's decision was that relator "continues to get ticket*s* for violating institution rules." (Emphasis added.) The use of the plural "tickets" suggests that relator has multiple tickets, above and beyond the rule 39 offense relator says is "not him." Second, a conduct report details a rule 39 offense with date of offense of September 10, 2012 for drinking wine. There is no indication that this offense is the rule 39 offense relator says is "not him." Third, the Inmate Disciplinary history summary details numerous violations with dates of offenses from June 25, 2007 to October 10, 2014. Taking this evidence into consideration, we can not say that relator has proven by clear and convincing evidence that the parole board relied on misinformation in denying him parole. Finally, the June 2, 2015 letter, submitted by relator, which denies reconsideration indicates that "DRC Policy No. 105-PBD-04" requires "relevant and significant new information that was either not available or not considered at the time of the hearing" in order for reconsideration to be considered.

Relator did not point to any new information. Therefore, we can not say that relator has proven by clear and convincing evidence that he is entitled to reconsideration.

{¶ 7} In addition to the magistrate's reasoning, we note that relator stated in his brief submitted to the magistrate "[t]his is a civil action for declaratory judgment"; however, he argues the standard for writ of mandamus. (Relator's Brief at 2.) The Supreme Court of Ohio has stated that " '[w]hen the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction.' " *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, ¶ 6, quoting *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 23. The court has further stated that "[a] declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines." *Hattie v. Anderson*, 68 Ohio St.3d 232, 235 (1994). To the extent relator alleges questions of constitutionality or constitutional application of parole guidelines, this court does not have jurisdiction to consider the same.

{¶ 8} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, modifying the decision as outlined herein. Accordingly, the requested writ of mandamus is hereby denied.

*Objections overruled;*
*writ of mandamus denied.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Anthony Townsend,        :

        Relator,                                        :

v.                                                         :                 No. 15AP-681

Gary [Mohr], Director, et al.,                      :                 (REGULAR CALENDAR)
Ohio Department of Rehabilitation,
                                                            :
        Respondent.
                                                            :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 29, 2016

---

*Anthony Townsend,* pro se.

*Michael DeWine*, Attorney General, and *Caitlyn A. Nestleroth,* for respondent.

---

IN MANDAMUS

{¶ 9} In this original action, relator, an inmate of the North Central Correctional Complex ("NCCC"), requests a writ of mandamus ordering respondent, Gary Mohr, the director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to grant reconsideration of the April 27, 2015 parole board decision that denied parole.

<u>Findings of Fact:</u>

{¶ 10} 1. On July 16, 2015, relator, an NCCC inmate, filed this original action against respondent.

{¶ 11} 2. In his complaint, relator alleges that he was summoned to appear before the Ohio Parole Board on April 27, 2015.

{¶ 12} 3. According to the complaint, at the April 27, 2015 hearing, the parole board chair informed relator that he had a "rule 39 conduct ticket." (Complaint, 2.) Relator informed the chair that "this wasn't relator and this was incorrect information." (Complaint, 2.) After checking the record, the chair agreed that the "conduct ticket wasn't relator." (Complaint, 2.)

{¶ 13} 4. Relator appended to his complaint a copy of a document captioned "Ohio Parole Board Decision and Minutes," which appears to be an ODRC form. The document appears to have been completed by "Central Office Board Review" ("COBR") regarding an April 27, 2015 hearing. The document indicates that relator is denied parole.

{¶ 14} The document indicates that relator's offenses of conviction are trafficking in drugs and aggravated burglary. The document states the rationale for denial of parole:

> Offender has served multiple commitments and failed supervision opportunities. His conduct has improved but he continues to get tickets for violating institution rules. Given his continued poor decision making as evidenced by his continued tickets, he is not suitable for release.

{¶ 15} The document asks the parole board to mark one or more boxes aside preprinted reasons for continued incarceration. The box is marked aside the following reason:

> There is substantial reason to believe that due to serious infractions of division level 5120:9-06 of the Administrative Code, the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules.

{¶ 16} The document provides further information. It indicates that relator has served 131 months of prison time and that his next parole hearing will be 24 months following his April 27, 2015 hearing.

{¶ 17} The document appended to the complaint indicates that it was validated on April 30, 2015 by the parole board chair as an official minute of the Ohio Parole Board.

{¶ 18} 5. Appended to the complaint is a copy of a five-page affidavit executed by relator on May 19, 2015. The affidavit is written as a letter to the "Chief of Quality Assurance."

{¶ 19} The affidavit states in part:

It is upon Petitioner's [sic] Townsend's information and belief th[e] (COBR) decision rendered on or about May 27, 2015 [sic], was in error/inadvertent misleading to Petitioner's continuation of confinement for 24 more months, due to the fact that Board member used incorrect and misleading information about a rule 39, which I informed him that this information was incorrect which the Board member agreed [during] my hearing.

* * *

Petitioner Townsend, appeared before the Parole Board Chairman, on or about May 27, 2015 [sic], at North Central Correctional Complex. At that time Petitioner was informed that he had a rule 39 conduct ticket which Petitioner informed the the [sic] Chairman that this was not Petitioner and this was incorrect information and when the Chairman check [sic] the record he agreed that this conduct ticket wasn't Petitioner.

* * *

Petitioner is [requesting] for reconsideration of the (COBR) panel to reconsider their decision due to incorrect error and misleading information in regard to a rule 39 ticket that was not part of Petitioner [sic] record.

{¶ 20} 6. Appended to the complaint is a one-page letter to relator dated June 2, 2015 from a parole board quality assurance analyst. The letter states:

Your request for reconsideration of a previous Parole Board decision was received and processed. DRC Policy No. 105-PBD-04 *Requests for Reconsideration and Amendments to Parole Board Actions* outlines circumstances under which rescission and reconsideration of the outcome of a parole hearing is permitted. Requests for reconsideration must be based on, and specifically refer to, relevant and significant new information that was either not available or not considered at the time of the hearing. In addition, any new information that forms the basis of a reconsideration request must be submitted without reasonable delay.

Your request and all other relevant information was reviewed. It has been determined that your request does not meet the standard for reconsideration as set forth in [the] policy. Therefore, no modification will be made to the last action of the Parole Board. The decision sheet you received

> clearly outlines the Board's rationale. There was *no new information* presented in your letter.
>
> Please be advised that any future correspondence received regarding this same issue that does not address any substantially different issues will not result in a subsequent response from this office. Your letter and this response will be made part of your permanent record and will be available to the Board at all future hearings.

(Emphasis sic.)

{¶ 21} 7. In the last paragraph of his complaint captioned "<u>Relief</u>," relator states:

> Relator respectfully moves this honorable court to so (order) the respondent's [sic] to issue a hearing immediately and grant relator a hearing due to the fact that relator wasn't the person with a conduct ticket under rule 39.

{¶ 22} 8. On August 17, 2015, respondent filed an answer to the complaint.

{¶ 23} 9. Thereafter, the magistrate issued a schedule for the filing of evidence and briefs.

{¶ 24} 10. On September 3, 2015, relator filed his evidence. His evidence includes the aforementioned documents that are appended to his complaint.

{¶ 25} 11. On October 22, 2015, respondent filed his evidence.

{¶ 26} 12. On September 16, 2015, relator filed his merit brief.

{¶ 27} 13. On October 22, 2015, respondent filed his merit brief.

{¶ 28} 14. No reply brief was filed.

{¶ 29} 15. On January 20, 2016, this action was submitted to the magistrate for his written decision upon the evidence and briefs.

<u>Conclusions of Law</u>:

{¶ 30} Because relator has failed to meet his burden of proof to show by clear and convincing evidence that the parole board relied on information that it knew or had reason to know was inaccurate, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

{¶ 31} In *State ex rel. Keith v. Ohio Adult Parole Authority*, 141 Ohio St.3d 375, 2014-Ohio-4270, the Supreme Court of Ohio pronounced law that is applicable here:

We recognize that the OAPA's discretion in parole matters is wide-ranging. * * * R.C. 2967.03 vests discretion in OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However, as in [*Layne v. Ohio Adult Parole Auth.,* 97 Ohio St.3d 456, 2002-Ohio-6719], that discretion must yield to statutory or regulatory requirements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate.

This is not to say that the OAPA must conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy, nor does it mean that the OAPA must credit every unsupported allegation by a prisoner that the information is inaccurate.

But where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner.

(Citations omitted.) *Id.* ¶ 26-28.

{¶ 32} In mandamus, the relator must prove his entitlement to the writ by clear and convincing evidence. *State ex rel. Doner v. Zody,* 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 57.

{¶ 33} Relator alleged in his complaint that the parole board chair was incorrectly informed initially about a so-called "rule 39 conduct ticket." However, according to the allegations of the complaint, relator pointed out to the chair that the "conduct ticket wasn't relator." After checking the record, the chair verbally agreed with relator.

{¶ 34} None of the documents appended to relator's brief or submitted as evidence, shows, or even suggests, that the parole board was misinformed about the rule 39 conduct ticket when it rendered its written decision that denied parole. Also, respondent's evidence does not show or suggest that the parole board was misinformed when it rendered its decision to deny parole.

{¶ 35} Here, relator seems to ignore his own allegation that the parole board chair corrected his initial statement and then agreed with relator that the "conduct ticket wasn't relator."  Clearly, that the parole board chair was initially misinformed, as relator alleges, cannot be a basis for a writ of mandamus when relator concedes that the chair corrected himself after checking the record.

{¶ 36} Again, relator has the burden in mandamus to prove entitlement to the writ by clear and convincing evidence.  *Doner.*  Relator has failed to meet his burden of proof.

{¶ 37} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).